KAREN P. HEWITT
United States Attorney
SHIREEN M. BECKER
Assistant United States Attorney
California State Bar No. 237930
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5610

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL RUMBO-BUSTOS,<br> | Case No. 08MG2066-WMC<br><br>Date:  n/a<br>Time:  n/a<br><br>**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING THE PROPRIETY OF PRETRIAL RELEASE CONDITION REQUIRING DEFENDANT TO LEGALLY REMAIN IN THE UNITED STATES** |

　　　COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Shireen M. Becker, Assistant United States Attorney, and hereby files its Memorandum of Points and Authorities Regarding the Propriety of Pretrial Release Condition Requiring Defendant to Legally Remain in the United States.

## I.

## INTRODUCTION

　　　Defendant has been charged by Complaint with a violation of 8 U.S.C. § 1326, that is, attempted entry after deportation. At the initial appearance, the United States moved for several pretrial release conditions, and Defendant objected to the imposition of pretrial release Condition 7 on Form Crim. – 49b. Condition 7 requires Defendant to be able to show that he can legally remain in the United States during the pendency of the criminal proceedings before this Court. The Court imposed Condition 7, and ordered briefing on the issue of whether Condition 7 is an appropriate condition of pretrial release in Defendant's case.

## II.

## STATEMENT OF FACTS

On July 7, 2008, Miguel Rumbo-Bustos ("Defendant") attempted to enter the United States from Mexico at the Otay Mesa Port of Entry. A Customs and Border Patrol Officer (CBP) heard Defendant yelling and causing a disturbance in the pedestrian facility of the port. The officer approached the Defendant, who orally claimed to be a Lawful Permanent Resident of the United States. The CBP officer requested the permanent resident card from Defendant as proof of admissibility into the United States, but Defendant stated that his wallet had been stolen in Mexico, including his permanent residence card. The officer noticed that Defendant appeared to be nervous, and elected to escort Defendant to the Otay Mesa Port Enforcement Team for further inspection.

During secondary inspection, a records check was performed on Defendant. Immigration Service records indicated that on or about April 12, 2001, an Immigration Judge ordered Defendant deported to Mexico, and Defendant was physically removed from the United States through the Calexico Port of Entry on or about April 13, 2001. Since that time, Defendant has been removed from the United States on at least four additional occasions. Defendant's identity was verified through fingerprint submission, and he was confirmed to be a native and citizen of Mexico.

Defendant was arrested on July 7, 2008, and arraigned on July 9, 2008 at 10:30 a.m. before this Court. Although the United States declined to request detention at the initial appearance, the Court imposed several conditions on any pretrial release of Defendant. Defendant objected to the imposition of Condition 7 on Form Crim. – 49b, which requires Defendant to "be able to legally remain in the United States during the pendency of the proceedings."

## III.

## ARGUMENT

At the arraignment, Defendant articulated two bases in support of his objection to Condition 7: (1) 18 U.S.C. § 3142(c) does not require such a restriction as a condition for pretrial release; and (2) such a condition amounts to *de facto* detention by the Government based on Defendant's immigration status. Both arguments lack merit. Condition 7 reasonably assures the appearance of a defendant where, as here, the defendant is being charged with a criminal offense

directly related to his immigration status in the United States.

**A.    CONDITION 7 IS AN APPROPRIATE CONDITION OF PRETRIAL RELEASE FOR ANY DEFENDANT CHARGED WITH ATTEMPTED ILLEGAL ENTRY INTO THE UNITED STATES BECAUSE IT REASONABLY ASSURES THE APPEARANCE OF DEFENDANT AT FUTURE CRIMINAL PROCEEDINGS**

    **1.    <u>The Purpose of Imposing Pretrial Release Conditions is to Reasonably Assure the Appearance of a Defendant at Future Court Proceedings</u>**

It is well established that the Government may detain an arrestee "to ensure his presence at trial," Bell v. Wolfish, 441 U.S. 520, 536 (1979), and may impose some conditions before releasing him. United States v. Scott, 450 F.3d 863, 866 (9th 2006). Where a release based on personal recognizance pursuant to 18 U.S.C. § 3142(b) is not sufficient to assure the appearance of the defendant, the pretrial release of a defendant is subject to the least restrictive conditions or combination of conditions that – in the Court's determination – will reasonably assure the appearance of the defendant at future court proceedings in the criminal matter. 18 U.S.C. § 3142(c)(B).

This Court has delineated several conditions designed to effectuate this overarching purpose on Form Crim. - 49b, which is routinely used for bail hearings in this District. <u>See</u> Attachment A (Form Crim. - 49b). In this case, the Court ordered that Defendant must comply with the following conditions in accordance with 18 U.S.C. § 3142(c)(2) in order to be released:

1. Restrict travel to the Southern District of California;
2. Report for supervision to Pretrial Services Agency;
3. Not possess or use any narcotic drug or controlled substance without a lawful medical prescription;
4. Not possess any firearm, dangerous weapon or destructive device during the pendency of the case;
5. Read and acknowledge understanding of the Advice of Penalties and Sanctions Form;
6. Provide a current residence address and phone number prior to release and keep it current while the case is pending;
7. Be able to legally remain in the United States during the pendency of the proceedings;

    \*        \*        \*

      10.    Seek and maintain full-time employment, schooling, or a combination of both; and

\*            \*            \*

      12.    Provide the court with a $30,000 cash or corporate surety bond.

The Court also imposed a 18 U.S.C. § 3142(d) hold, and ordered that Defendant "not commit a Federal, State or Local crime during the period of release," as mandated by 18 U.S.C. § 3142(c)(1)(A).

Under the Bail Reform Act of 1984, this Court has the authority to impose any reasonable conditions not specifically enumerated in the statute, provided that such conditions serve the same purposes set forth in Section 3142(c)(1)(B) (i.e., providing a reasonable assurance of Defendant's appearance at future proceedings and protecting the safety of the community). 18 U.S.C. § 3142(c)(1)(B). Thus, this Court may impose **any** condition – even one not specifically enumerated by the statute – if this Court believes such a condition is necessary to reasonably assure Defendant's presence at future proceedings. Defendant's argument that Condition 7 is not "required" by Section 3142(c), therefore, misses the mark. The proper test is not whether such a condition is specifically enumerated within the statute, but whether under the specific facts of Defendant's case, such a condition is necessary to reasonably assure Defendant's appearance at future proceedings.

      2.    **Condition 7 is Necessary to Reasonably Assure Defendant's Appearance at Future Proceedings**

According to Immigration Service records, on April 12, 2001 an Immigration Judge ordered Defendant to be removed from the United States. Based on the final order of the Immigration Judge, a Warrant of Removal/Deportation was issued, and Defendant was removed on April 13, 2001. Thus, even if Defendant complies with all conditions for pretrial release imposed by this Court, he will **not** be released into the community. Instead, the United States is authorized to detain Defendant, and Defendant will be transferred out of criminal custody, and into the custody of the Immigration and Customs Enforcement. 8 U.S.C. § 1226(a).

Without Condition 7, Defendant potentially could post bail, comply with the other conditions imposed by this Court, but would immediately be transferred to immigration custody for removal from the United States. Once in ICE custody, there are two possible scenarios. First, because the Government is mandated to expeditiously deport illegal aliens subject to removal orders (a

consequence more desirable than the lengthy prison sentence Defendant now faces), Defendant would be deported prior to the conclusion of the current criminal proceeding against him. Second, if Defendant chooses to challenge the order of removal, he may be transferred to an immigration detention facility outside of the jurisdiction of this Court. Both scenarios present serious obstacles to assuring Defendant's presence at future proceedings in the pending criminal case.

### a. Condition 7 is Necessary to Prevent the Deportation of Defendant Prior to the Conclusion of the Pending Criminal Proceedings

But for Condition 7, an illegal alien without any legal basis for entering or remaining in the United States, could readily post criminal bail and be transferred to ICE custody. Given the dual responsibility of the federal Government in prosecuting crimes and expeditiously deporting individuals with no legal basis to enter or remain in the United States, see United States v. Valenzuela-Bernal, 458 U.S. 858, 863 (1982), it is possible that a defendant could be deported prior to final adjudication of the criminal charge pending against him in this Court. See, e.g., 8 U.S.C. § 1231 (Congress has mandated that when an alien is ordered removed, the Government "shall remove the alien from the United States within a period of 90 days."); see Valenzuela-Bernal, 458 U.S. at 864-65 (noting that immigration policy mandates prompt deportation of illegal aliens). Indeed, a defendant could elect **not** to challenge the removal order in an effort to escape criminal charges and possible time in criminal custody. Such an outcome turns the justice system on its head by allowing a Defendant to utilize his/her illegal immigration status to circumvent the criminal charges pending against him/her. Further, deportation prior to the conclusion of the pending criminal proceedings directly thwarts the overarching purpose of Section 3142(c), which is to reasonably assure the presence of the Defendant throughout the criminal case.

In this case, Condition 7 is necessary to ensure that Defendant Rumbo-Bustos, who may have no legal right to remain in the United States, is not released into immigration custody and deported prior to a final determination of the criminal charges pending against him. An order from this Court requiring that Defendant be able to legally remain in the United States during the pendency of the proceedings safeguards against premature transfer of Defendant to ICE, and the potential deportation of Defendant prior to final adjudication of these criminal proceedings.

         **b.**      **Condition 7 is Necessary to Preserve this Court's Jurisdiction Over the Defendant**

Another obstacle to assuring Defendant's presence at future proceedings exists if Defendant chooses to challenge the order of removal against him while in immigration custody. Under this scenario, which may take several months, Defendant could lawfully be transferred to any immigration detention facility in the country. Such a transfer would make it incredibly difficult and time-consuming to ensure that Defendant appears at future proceedings in the criminal case pending before this Court. Further, if Defendant is unsuccessful in his administrative challenge, he would be removed as soon as the order on Defendant's challenge becomes final, again placing the Defendant beyond the jurisdiction of the Court prior to the conclusion of the criminal case against him.

**B.**    **CONDITION 7 DOES NOT AMOUNT TO *DE FACTO* DETENTION BECAUSE THE LEGALITY OF DEFENDANT'S IMMIGRATION STATUS REMAINS INDETERMINATE AT THIS STAGE OF THE PROCEEDINGS**

Defendant has further objected to Condition 7 on the ground that such a condition amounts to *de facto* detention, because even if Defendant satisfies the other conditions for pretrial release, he will be forced to remain in the custody of ICE indefinitely due to his immigration status. Defendant's objection, however, only carries weight if Defendant is prepared to admit that he is present in the United States illegally, and without any possibility of establishing his ability to legally remain in the United States As defense counsel will undoubtedly agree, such an admission is misplaced at this early stage of the proceedings.

Given that an overarching purpose of pretrial conditions is to assure future attendance at court proceedings, logic dictates that if the Government could confirm that Defendant had no possibility of establishing the legality of his presence in the United States, the Government would recommend detention. Simply stated, if Defendant were in the United States illegally, there would be no incentive for Defendant to remain in the United States once released on bond simply to face criminal charges based on his illegal presence in the country. Without any reasonable assurance that Defendant would appear at future proceedings, pretrial release of Defendant would run contrary to the purpose of 18 U.S.C. § 3142.

At this early stage of the proceedings, however, there is no evidence conclusively demonstrating that Defendant will be unable to establish a basis for legal presence in the United

States. Condition 7 acknowledges the potential that Defendant will be able to demonstrate legal immigration status, while also seeking a reasonable assurance that Defendant will continue to appear at future hearings if Defendant is, in fact, here illegally.

For example, if Defendant complies with all pretrial release conditions, he would be transferred from criminal custody to the custody of ICE, due to the existence of a prior order of removal. As discussed above, once in immigration custody, Defendant has the right to challenge any removability/deportation order against him. If Defendant were able to demonstrate a legal basis for remaining in the United States (e.g., derivative citizenship), he could petition an Immigration Judge to release him on bond. Under such a scenario, Defendant would be able to comply with Condition 7, because he would be able to legally remain in the United States during the pendency of the criminal proceedings pending before this Court. Practically speaking, Defendant would also have an incentive to appear at future proceedings before this Court, because his legal status would confirm his right to remain in the United States.

What condition 7 seeks to avoid is the scenario where Defendant is released on bond without first obtaining a determination as to the validity of his immigration status (e.g., release due to a shortage of space or capacity at an immigration detention facility). Under such a scenario, Defendant has no incentive to remain in the United States during the pendency of his criminal case, leaving this Court with no reasonable assurance that Defendant would appear for future court hearings relating to the Complaint.

These two scenarios make clear the purpose and relevancy of Condition 7. Under Condition 7, it is possible for Defendant to obtain pretrial release if Defendant is able to legally remain in the United States. In contrast, if Defendant is unable to demonstrate a legal basis for his presence in the United States, Condition 7 ensures that he is not released into the community at large; such pretrial release runs directly contrary to 18 U.S.C. § 3142 because this Court would have no reasonable assurance that Defendant would appear at future proceedings. Thus, Condition 7 seeks to assure the appearance of Defendant at future court proceedings, while recognizing the possibility that Defendant may be able to obtain a release from both criminal and immigration custody by demonstrating legal immigration status.

## IV.

## CONCLUSION

For the reasons stated above, this Court should overrule Defendant's objection to Condition 7 in this Court's Order and Conditions of Pretrial Release and require Defendant to "be able to legally remain in the United States during the pendency of the proceedings" as a condition of pretrial release.

DATED: July 11, 2008.

> Respectfully submitted,
>
> KAREN P. HEWITT
> United States Attorney
>
> /s/ *Shireen M. Becker*
>
> SHIREEN M. BECKER
> Assistant United States Attorney

# Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, | ) | CRIMINAL CASE NO. _____ |
|---|---|---|
| v. | ) | |
| | ) | ORDER AND CONDITIONS OF PRETRIAL |
| Defendant. | ) | RELEASE: BAIL (18 U.S.C. § 3142(c)) |

A hearing was held to determine pretrial conditions of release of the defendant pursuant to 18 U.S.C. § 3142. The Federal Judge determined an unconditional release pursuant to 18 U.S.C.§ 3142(b) is not sufficient to assure the appearance of the defendant and the safety of the community. Thus, conditions of pretrial release are necessary pursuant to 18 U.S.C.§ 3142(c). *Good cause appearing*,
   **IT IS ORDERED** that the defendant shall be released subject to the condition that the defendant: *(a) not commit a federal, state or local crime during the period of release, (b) make all court appearances and (c) comply with the conditions itemized below, as indicated by (✓), in accordance with 18 U.S.C.§ 3142(c)(2):*

**STANDARD CONDITIONS:**
   ✓ 1. restrict travel to ❏ San Diego County, ❏ Southern District of California, ❏ Central District of California, ❏ State of California, ❏ United States, ❏ do not enter Mexico, ❏ other:_____
   ✓ 2. report for supervision to Pretrial Services Agency (PSA) as directed by the assigned PSO and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court;
   ✓ 3. not possess or use any narcotic drug or controlled substance, (defined in 21 U.S.C. § 802), without a lawful medical prescription;
   ✓ 4. not possess any firearm, dangerous weapon or destructive device during the pendency of the case;
   ✓ 5. read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Form;
   ✓ 6. provide a current residence address and phone number prior to release and keep it current while case pending.

**ADDITIONAL CONDITIONS:**
   ___ 7. be able to legally remain in the United States during pendency of the proceedings;
   ___ 8. submit to treatment, and/or testing, as specified by the PSO, for:
       ❏ drugs or alcohol, and/or ❏ psychiatric or psychological counseling;
   ___ 9. participate in a Global Positioning System (GPS) satellite monitoring program ❏ active ❏ passive, including, release of defendant to PSA custody; and ❏ residence restrictions and/or ❏ permissive travel for employment. Defendant and sureties are responsible for GPS equipment loss or damage.
       ❏ submit to supervision and custody of _____; and/or
       ❏ remain at a specified residence (curfew) between the hours of ____ P.M. and ____ A.M. daily;
   ___ 10. actively seek and maintain full-time employment, schooling, or combination of both;
   ___ 11. execute a personal appearance bond in the amount of $ _____ secured by:
       ❏ a trust deed to the United States on real estate approved by a Federal Judge;
       ❏ the co-signatures of _____ financially responsible (related) adults;
       ❏ Nebbia Hearing ❏ Exam of Sureties ❏ other: _____
   ___ 12. provide the court with: ❏ a cash bond and/or ❏ execute a bail bond by an approved solvent corporate surety in the amount of $ _____ that covers **ALL** conditions of release (not just appearances).
   ___ 13. 18 U.S.C.§ 3142(d) hold until _____; if no detainer is lodged by then, these conditions take effect.
   ___ 14. clear all warrants/FTA's within ____ days of release.
   ___ 15. all conditions previously set will remain the same.
   ___ 16. other conditions: _____

DATED: 12/26/07

FILED
DEC 26 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY JW  DEPUTY

_____
Federal Judge

cc: Defendant/Counsel & U.S. Pretrial Services

K:\COMMON\EVERYONE\CRIM-49B.WPD
Form Crim-49b(Rev. 8/04)